1

2

3

4
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

5

6

7

8
JOY L. JUNAS,                    )        3:11-cv-00566-ECR-RAM
                                 )
      Plaintiff,                 )

9                                )

vs.                              )        **Order**

10                               )

ADVANTIX LENDING INC.; FIDELITY  )

11  NATIONAL TITLE; RECONSTRUCT   )
COMPANY, N.A.; BAC HOME LOANS     )

12  SERVICING, LP; FIRST AMERICAN )
TITLE INSURANCE COMPANY; CHARLOTTE )

13  OLMOS; and DOES 1-25 CORPORATIONS, )
DOES AND ROES 1-25 Individuals,   )

14  Partnerships, or anyone claiming )
any interest to the property       )

15  described in the action,      )
                                 )

16      Defendants.                )
                                 )

17  _____)

18

19      Plaintiff is a homeowner alleging to be the victim of a

20  predatory lending scheme perpetuated by Defendants.  Now pending is

21  Defendants Bank of America, N.A. ("Bank of America") and ReconTrust

22  Company, N.A.'s ("ReconTrust") (collectively "Defendants") Motion to

23  Dismiss (#3).

24

25                          **I. Background**

26      On April 23, 2007, Plaintiff Junas borrowed $195,000.00 from

27  Advantix Lending Inc. and secured the loan with a first deed of

28  trust ("Foreclosing Deed of Trust") on the property located at 2365

Schroeder Way, Sparks, Nevada 89431, Parcel No. 027-322-15.  (Compl. ¶ 2 (#1-1); Foreclosing Deed of Trust, Ex. I. (#3-9).)[1]  The Foreclosing Deed of Trust lists Advantix Lending, Inc. as the lender and Fidelity National Title as the trustee.  (Foreclosing Deed of Trust, Ex. I. at 2 (#3-9).)  The Foreclosing Deed of Trust allows the lender to foreclose on the property if Plaintiff does not make her loan payments.  (Id. ¶ 22.)  The Foreclosing Deed of Trust also allows the lender to appoint a substitute trustee.  (Id. ¶ 24.)  The Foreclosing Deed of Trust also provides that Mortgage Electronic Systems, Inc. ("MERS") as nominee for the lender, has the right to exercise any or all interests including the right to foreclose and sell the property, and to take any action required of the lender. (Id. at 4.)

On March 26, 2010, MERS transferred the beneficial interest in the deed of trust to BAC Home Loans Servicing, LP[2], fka Countrywide Home Loans Servicing, LP.  (Assignment, Ex. J. (#3-10).)  Plaintiff defaulted on the deed of trust, and ReconTrust, as agent for the beneficiary, filed a Notice of Default and Election to Sell on March 26, 2010.  (Notice of Default, Ex. L (#3-12).)  On March 31, 2010, BAC Home Loans Servicing, LP substituted ReconTrust as the trustee

---

[1] Defendants request judicial notice of the deed of trust, substitution of trustee, election to sell, and other such exhibits. Under Federal Rule of Evidence 201, a court may judicially notice matters of public record.  Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n. 1 (9th Cir 2004).  Therefore, we take judicial notice of these public records.

[2] On July 1, 2011, BAC Home Loans Servicing, LP merged into and with Bank of America.

1 under the Foreclosing Deed of Trust. (Substitution of Trustee, Ex.
2 K (#3-11).)

3     The Nevada Foreclosure Mediation Program issued a Certificate
4 permitting foreclosure to proceed on August 6, 2010. (Certificate,
5 Ex. M (#3-13).) On May 23, 2011, ReconTrust recorded a Notice of
6 Trustee's Sale, noticing a June 13, 2011 sale date. (Notice of
7 Trustee's Sale, Ex. N (#3-14).) The sale was postponed.

8     On June 13, 2011, Plaintiff filed a complaint in state court,
9 alleging nine claims for relief based on variations of wrongful
10 foreclosure. (Comp. (#1-1).) Plaintiff also recorded a Notice of
11 Lis Pendens against the property. (Notice of Lis Pendens, Ex. O
12 (#3-15).)

13     On August 4, 2011, the case was removed to federal court. (Pet.
14 for Removal (#1).) On August 11, 2011, Bank of America as successor
15 by merger to BAC Home Loans Servicing, LP and ReconTrust filed a
16 Motion to Dismiss (#3).) On August 25, 2011, Defendant Fidelity
17 National Title filed a Joinder (#8) to the Motion to Dismiss (#3).
18 On August 29, 2011, Plaintiff filed an opposition (#10) to the
19 Motion to Dismiss (#3). On September 16, 2011, Defendants replied
20 (#13) after an extension of time to reply was granted (#14).

21     On November 30, 2011, Plaintiff filed a Notice of Acceptance
22 (#16), purporting to accept an offer of judgment made by Defendant
23 Fidelity National Title Company. On February 10, 2012, in
24 accordance with our Order (#19), Fidelity National Title filed its
25 Offer of Judgment (#20). The Court issued an Order (#21) that
26 Fidelity National Title's Offer of Judgment (#20) is deemed accepted
27
28                             3

1  by Plaintiff, but declined to enter judgment because other
2  defendants remained in the case.

3

4                    **II. Motion to Dismiss Standard**

5       A motion to dismiss under Federal Rule of Civil Procedure
6  12(b)(6) will only be granted if the complaint fails to "state a
7  claim to relief that is plausible on its face." Bell Atl. Corp. v.
8  Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129
9  S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to
10 pleadings in "all civil actions"). On a motion to dismiss, except
11 where a heightened pleading standard applies, "we presum[e] that
12 general allegations embrace those specific facts that are necessary
13 to support the claim." Lujan v. Defenders of Wildlife, 504 U.S.
14 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S.
15 871, 889 (1990)) (alteration in original); see also Erickson v.
16 Pardus, 551 U.S. 89, 93 (2007) (noting that "[s]pecific facts are
17 not necessary; the statement need only give the defendant fair
18 notice of what the . . . claim is and the grounds upon which it
19 rests.") (internal quotation marks omitted). Moreover, "[a]ll
20 allegations of material fact in the complaint are taken as true and
21 construed in the light most favorable to the non-moving party." In
22 re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996)
23 (citation omitted).

24      Although courts generally assume the facts alleged are true,
25 courts do not "assume the truth of legal conclusions merely because
26 they are cast in the form of factual allegations." W. Mining
27 Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly,

28                                   4

"[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss."  In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself.  See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001).  If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond.  Fed. R. Civ. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment."  Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them."  Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted).  A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim."  Ritchie, 342 F.3d at 908.  Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss.  Id. at 909; see Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable

5

dispute in that it is either (1) generally known within the
territorial jurisdiction of the trial court or (2) capable of
accurate and ready determination by resort to sources whose accuracy
cannot reasonably be questioned.").

## III. Discussion

### A. First Cause of Action for Debt Collection Violations

Plaintiff's first cause of action alleges that Defendants
violated Nevada Revised Statute 649.370, which provides that any
violation of the Federal Fair Debt Collection Practice Act ("FDCPA")
is a violation of Nevada law.  Plaintiff's claim fails as a matter
of law because foreclosure pursuant to a deed of trust does not
constitute debt collection under the FDCPA. <u>Camacho-Villa v. Great
W. Home Loans</u>, No. 3:10-cv-00210, 2011 WL 1103681 at *4 (D. Nev.
Mar. 23, 2011).  Therefore, Plaintiff's first claim must be
dismissed without leave to amend.

### B. Second Cause of Action for Violation of Unfair and Deceptive Trade Practice Act

Plaintiff's second cause of action for violation of the Nevada
Unfair and Deceptive Trade Practice Act, Nev. Rev. Stat. § 598.0923,
also fails as a matter of law.  The statute provides that a person
engages in deceptive trade practices when he or she knowingly
conducts his or her business or occupation without all required
state, county, or city licenses. Nev. Rev. Stat. § 598.0923(1).
However, the statutes explicitly state that the following activities
do not constitute doing business in Nevada: (1) maintaining,
defending or settling any proceeding; (2) creating or acquiring

indebtedness, mortgages and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. Nᴇᴠ. Rᴇᴠ. Sᴛᴀᴛ. § 80.015(1)(a), (g), (h). Because Defendants are explicitly exempted from the need to acquire licenses, the Court dismisses Plaintiff's second cause of action without leave to amend.

**C. Third Cause of Action for Violation of Unfair Lending Practices**

Plaintiff's third cause of action for unfair lending practices in violation of Nev. Rev. Stat. § 598D is time-barred. The statute of limitations for "[a]n action upon a liability created by statute" is three years. Nᴇᴠ. Rᴇᴠ. Sᴛᴀᴛ. § 11.190(3)(a). Plaintiff obtained the loan at issue in April 2007, and filed this action in June 2011. Plaintiff's claim for unfair lending practices is therefore untimely and must be dismissed without leave to amend.

**D. Fourth Cause of Action for Violation of the Covenant of Good Faith and Fair Dealing**

Plaintiff's fourth cause of action for breach of the covenant of good faith and fair dealing also fails as a matter of law. In Nevada, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." A.C. Shaw Constr. v. Washoe Cty., 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). This duty requires each party not to do anything to destroy or otherwise injure the rights of the other to receive the benefits of the contract. Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 808 P.2d 919, 923 (Nev. 1991). To prevail on a cause of action for breach of the covenant of good

7

faith and fair dealing, a plaintiff must show that (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed plaintiff a duty of good faith and fair dealing; (3) the defendant breached the duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.  Perry v. Jordan, 900 P.2d 335, 338 (Nev. 1995) (citing Hilton Hotels, 808 P.2d at 922-23).

Plaintiff asserts that Defendants breached the covenant of good faith and fair dealing because Defendants "offered the Plaintiff consideration for loan modifications, told her that the foreclosures would be postponed but they were not."  (Compl. ¶ 86 (#1-1).) Because there is no loan modification contract, and because none of these actions, even if true, contravene the intention or spirit of any existing contracts between Plaintiff and Defendants, Plaintiff's claim for breach of the covenant of good faith and fair dealing must be dismissed without leave to amend.

**E. Fifth Cause of Action for Violation of Nev. Rev. Stat. § 107.080 *et seq*.**

Plaintiff's fifth cause of action, violation of Nev. Rev. Stat. § 107.080 *et seq*., appears to allege that Defendants foreclosed without authority to do so under Nev. Rev. Stat. § 107.080, which we construe to be a claim for wrongful foreclosure based on violation of state recording and foreclosure statutes. Specifically, Plaintiff alleges that Defendants had no right to foreclose because they have not produced the original note to prove the identity of the real party in interest.

In general:

8

> [W]rongful foreclosure will lie if the trustor or mortgagor
> can establish that at the time the power of sale was
> exercised or the foreclosure occurred, no breach of
> condition or failure of performance existed on the
> mortgagor's or trustor's part which would have authorized
> the foreclosure or exercise of the power of sale.

Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev.
1983); see also Cervantes, 656 F.3d at 1044 (plaintiffs cannot state
a claim for wrongful foreclosure while in default).  "Even if MERS
were a sham beneficiary, the lenders would still be entitled to
repayment of the loans and would be the proper parties to initiate
foreclosure after the plaintiffs defaulted on their loans."
Cervantes, 656 F.3d at 1044.  Because Plaintiff admits that he is in
default (Opp. Mot. Dismiss at 14 (#20)), Plaintiff has not satisfied
the requirements for bringing a general claim for wrongful
foreclosure.

Nevada Revised Statutes § 107.080 provides that the power of
sale in real property may not be exercised until:

> The beneficiary, the successor in interest of the
> beneficiary or the trustee first executes and causes to be
> recorded in the office of the recorder of the county
> wherein the trust property, or some part thereof, is
> situated a notice of the breach and of the election to
> sell or cause to be sold the property to satisfy the
> obligation.

NEV. REV. STAT. § 107.080 2(c). The "Notice of Default/Election to
Sell Under Deed of Trust" was signed by ReconTrust as agent for the
beneficiary.  (Notice of Sale, Ex. L (#3-12).)  ReconTrust was not
formally substituted as the foreclosure trustee until after it
issued the notice of sale.  (Substitution of Trustee, Ex. K (#3-11).
This timeline, however, appears to be fairly common and not improper
in foreclosure.

9

1    In Karl v. Quality Loan Service Corp., this district noted that
2    Quality was neither the trustee nor the beneficiary when it recorded
3    the notice of default, but claimed on the notice of default to be
4    the agent for the beneficiary.  759 F.Supp.2d 1240, 1246 (D. Nev.
5    2010).  The court in Karl stated that "[a]lthough MERS is not a
6    beneficiary, its agency for the beneficiary under the [deed of
7    trust] extends to administering the [deed of trust] for purposes of
8    foreclosure."  Id.  The court further stated that:

9       [T]here is no defect in foreclosure here under section
        107.080(2)(c), as there is in cases where a purported
10      trustee who is named nowhere on the [deed of trust], and
        for whom evidence of substitution as trustee appears
11      nowhere, files a [notice of default]. . . . There is no
        question of fact that [Quality] filed the [notice of
12      default] as the agent of MERS, who was the agent of the
        beneficiary UAMC, and the foreclosure was therefore not
13      improper under section 107.080(2)(c).

14   Id.  No party on whose behalf agency was claimed has come forth
15   disputing that fact.   Furthermore, ReconTrust's formal substitution
16   as trustee after signing the notice as an agent appears to show, at
17   the least, ratification of the previously-claimed agency.

18      In Cervantes v. Countrywide Home Loans, Inc., the Ninth Circuit
19   considered wrongful foreclosure claims based on alleged procedural
20   defects.   656 F.3d 1034, 1044 (9th Cir. 2011).[3]  The Ninth Circuit
21   held that "[e]ven if we were to accept the plaintiffs' premises that
22   MERS is a sham beneficiary and the note is split from the deed, we
23   would reject the plaintiffs' conclusion that, as a necessary
24   consequence, no party has the power to foreclose."  Id.  Plaintiff's

25

26      [3] The Ninth Circuit case reviewed a case brought under Arizona
     law. The conclusions of the Ninth Circuit, however, are equally
27   applicable under Nevada law.

28                                    10

arguments that Nevada's foreclosure statutes were violated by the
facts that the note was never presented, the note was split from the
deed, and other similar arguments have been repeatedly rejected in
this Court, and shall be dismissed without leave to amend.[4]

**F. Sixth Cause of Action to Quiet Title**

Plaintiff's sixth cause of action is for quiet title.  In
Nevada, a quiet title action may be brought "by any person against
another whom claims an estate or interest in real property, adverse
to the person bringing the action, for the purpose of determining
such adverse claim." NEV. REV. STAT. § 40.010.  "In a quiet title
action, the burden of proof rests with the plaintiff to prove good
title in himself." Breliant v. Preferred Equities Corp., 918 P.2d
314, 318 (Nev. 1996).  "Additionally, an action to quiet title
requires a plaintiff to allege that she has paid any debt owed on
the property." Lalwani v. Wells Fargo Bank, N.A., No. 2-11-cv-
00084, 2011 WL 4574388 at *3 (D. Nev. Sep. 30, 2011) (citing
Ferguson v. Avelo Mortg., LLC, No. B223447, 2011 WL 2139143 at *2
(Cal. App. 2d June 1, 2011).  Plaintiff has failed to allege that
she is not in breach of the loan agreement.  While Plaintiff does
not expressly admit to being in default on the loan, the complaint,
read as a whole, and taking all allegations in favor of Plaintiff,
does not show even the barest hint of a dispute over whether

---

[4]  To the extent that Plaintiff's claim is not a wrongful
foreclosure claim, Plaintiff has failed to state a claim upon which
relief may be granted. "NRS 107.080 does not provide plaintiff
homeowners with a private right of action for tort damages." Berilo
v. HSBC Mortg. Corp., USA, No. 2:09-cv-02353-RLH-PAL, 2010 WL 2667218,
at *3 (D. Nev. June 29, 2010).

1  Plaintiff was in default.  Rather, Plaintiff is challenging the
2  procedure with which foreclosure was initiated against her, not that
3  the loan was not in default.  Accordingly, the quiet title claim
4  must be dismissed without leave to amend.

5      **G. Seventh Cause of Action for Fraud in the Inducement and**
6  **Through Omission**

7      Plaintiff claims that Defendants committed fraud in the
8  inducement by luring Plaintiff into the loan under false pretenses,
9  that is, by declaring her qualified for the loan based upon future
10 equity in the home and not from income or other assets.  In order to
11 state a claim for fraud in the inducement, a plaintiff must show
12 that the defendant knowingly made a false representation with the
13 intent to induce the plaintiff to consent to the contract's
14 formation.  J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.,
15 89 P.3d 1009, 1017 (Nev. 2004).

16     Defendants were under no obligation to disclose the risks of
17 the loan and whether Plaintiffs could afford it:

18         Although the Nevada Supreme Court has not ruled on the
           issue, this Court and the Ninth Circuit Court of Appeals
19         have predicted that the Nevada Supreme Court would hold
           that a lender does not owe a fiduciary duty, as "an arms-
20         length lender-borrower relationship is not fiduciary in
           nature, absent exceptional circumstances."
21
22 Megino v. Linear Financial, No. 2:09-CV-00370, 2011 WL 53086 at *5
23 (D. Nev. Jan. 6, 2011) (quoting Yerington Ford, Inc. v. Gen. Motors
24 Acceptance Corp., 359 F.Supp.2d 1075, 1090 (D.Nev. 2004), overruled
25 on other grounds by Giles v. Gen. Motors Acceptance Corp., 494 F.3d
26 865 (9th Cir. 2007)); see also Renteria v. United States, 452
27 F.Supp.2d 910, 922-23 (D. Ariz. 2006) (holding that borrowers cannot
28
                                   12

establish the reliance element of their claim because lenders have no duty to determine the borrower's ability to repay the loan); <u>Oaks Mgmt. Corp. v. Superior Court of San Diego Cty.</u>, 51 Cal. Rptr. 3d 561, 570 ("[A]bsent special circumstances . . . a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and the lender.") (citations omitted).

Furthermore, a party alleging fraud "must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994). Because a claim for fraud in the inducement cannot depend upon Plaintiff's allegations, Plaintiff's claim for fraud in the inducement must be dismissed. Nor has Plaintiff shown that there are any facts upon which a proper fraud claim may be brought against Defendants, and therefore, Plaintiff shall not be granted leave to amend this claim.

Plaintiff also alleges fraud by omission. Under Nevada law, a claim for fraudulent concealment must plead that defendant concealed or suppressed a material fact that he or she was under a duty to disclose to the plaintiff. <u>Nev. Power Co. v. Monsanto Co.</u>, 891 F. Supp. 1406, 1415 (D. Nev. 1995) (citing Nevada Jury Instruction 9.03). Like many of Plaintiff's claims, this claim fails on its face because it is well-settled that lenders and servicers owe no fiduciary duties to mortgage borrowers. <u>Megino</u>, 2011 WL 53086 at *5 (quoting <u>Yerington Ford</u>, 359 F.Supp.2d at 1090, <u>overruled on other grounds by Giles</u>, 494 F.3d 865; <u>see also</u> Kwok v. Recontrust Co., No. 2:09-cv-02298, 2010 WL 255615, at *5 (D. Nev. June 23, 2010); <u>Saniel v. Recontrust Co.</u>, No. 2:09-cv-2290, 2010 WL 2555625, at *5 (D. Nev.

13

June 23, 2010); <u>Renteria</u>, 452 F.Supp.2d at 922-23 (holding that borrowers cannot establish the reliance element of their claim because lenders have no duty to determine the borrower's ability to repay the loan); <u>Oaks Mgmt. Corp</u>, 51 Cal. Rptr. 3d at 570.

Plaintiff's allegations in support of these claims are vague and conclusory, asserting only that Defendants failed to disclose certain facts about the inner workings of the mortgage industry, that Plaintiffs were not qualified for the loans, and that Defendants had no right to foreclose on Plaintiffs' property. Moreover, Plaintiff cannot show that Defendants owed him a duty to disclose these alleged facts.  For this reason, Plaintiff's claim for fraud through omission must be dismissed without leave to amend.

**H. Eighth Cause of Action for Slander of Title**

Plaintiff's eighth cause of action is slander of title against ReconTrust, BAC Home Loans Servicing, LP, First American Title Insurance Company, and Charlotte Olmos.  Plaintiff asserts that Defendants "disparaged the title to the Plaintiff's properties pursuant to recording Notices of Default that were defective" because Defendants did not have the authority to record those notices, and did not serve those notices upon Plaintiff.  (Compl. ¶ 150 (#1-1).)

To succeed on a slander of title claim, a plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damages."  <u>Exec. Mgmt., Ltd. v. Ticor Title Co.</u>, 963 P.2d 465, 478 (Nev. 1998).  However, Plaintiff has failed to state a claim because it is undisputed that Plaintiff is in default.  <u>See</u> <u>Sexton v. IndyMac Bank FSB</u>, No. 3:11-cv-437, 2011

14

WL 4809640, at *5 (D. Nev. Oct. 7, 2011); <u>Ramos v. Mortg. Elec.</u> <u>Registrations Sys., Inc.</u>, No. 2:08-CV-1089, 2009 WL 5651132, at *4 (D. Nev. Mar. 5, 2009) (dismissing slander of title claim where Plaintiffs failed to dispute that they were in default on their loan, nor was it false that the property was to be sold at a trustee's sale).  In filing the Notice of Default, Defendants stated that Plaintiff was in breach of the loan agreement due to nonpayment.  Plaintiff does not dispute that she is in fact in default.  Because the statement is not false, Defendants cannot be liable for slander of title.  Leave to amend to include a slander of title claim will therefore be denied as futile.

**I. Ninth Cause of Action for Abuse of Process**

Plaintiff's claim for abuse of process fails as a matter of law because non-judicial foreclosure is not the type of "process" addressed by the abuse of process tort as it does not involve judicial action.  <u>Riley v. Greenpoint Mortg. Funding, Inc.</u>, No. 2:10-cv-01873, 2011 WL 1979831 at *5 (D. Nev. May 20, 2011); <u>see also Barlow v. BNC Mortg., Inc.</u>, No. 3:11-CV-0304, 2011 WL 4402955 at *4 (D. Nev. Sept. 21, 2011) ("[T]he process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim . . . Therefore, the court finds that [Plaintiff] has failed to state a claim for abuse of process.") (citation omitted).  Accordingly, Plaintiff's claim for abuse of process shall be dismissed without leave to amend.

///

///

15

**J. Defendants' Request to Expunge the Lis Pendens**

Nevada statutory law allows a Notice of Pendency or a Lis Pendens to be filed for an action pending in the United States District Court for the District of Nevada when there is "a notice of an action affecting real property, which is pending," in any such court.  NEV. REV. STAT. § 14.010(2).  As this Order dismisses this action, Defendants request to expunge lis pendens is granted.  See McKinnon v. IndyMac Bank F.S.B., No. 2:11-CV-00607-KJD-GWF, 2012 WL 194426, at *5 (D.Nev. Jan. 23, 2012) (granting motion to expunge lis pendens after dismissing all claims).

### IV. Conclusion

Because Plaintiff's claims are deficient against all defendants in this action, and leave to amend would be futile, the action must be dismissed with prejudice.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' Motion to Dismiss (#3) is **GRANTED**.  Plaintiff's claims shall be **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendants' request to expunge lis pendens in the Motion to Dismiss (#3) is **GRANTED**.

**IT IS FURTHER ORDERED** that in accordance with the Offer of Judgment (#20) and the Notice of Acceptance (#16), judgment shall be entered against Fidelity National Title in the amount of TEN DOLLARS AND ZERO CENTS ($10.00), each party to bear their own attorneys'

1  fees and costs.  The judgment is not to be construed as an admission

2  that Fidelity National Title is liable in this action.

3      The Clerk shall enter judgment accordingly.

4

5

6  DATED: March 21, 2012.

7                                          _____

8                                          UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17